**ALD-158**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3560
_____

AMERICAN CORPORATE SOCIETY;
DR. MAX ANTOINE

v.

VALLEY FORGE INSURANCE COMPANY;
CNA-INSURANCE COMPANY;
JAMES WHITE, et al

Dr. Max Antoine,
                                    Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 09-cv-05568)
District Judge:  Honorable William J. Martini
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
April 7, 2011

Before: SCIRICA, HARDIMAN and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  April 20, 2011)

_____

OPINION
_____

PER CURIAM

Appellant Max Antoine, proceeding pro se, appeals from the District Court's order dismissing his complaint.[1] For the reasons that follow, we will summarily affirm.

I

In April 2009, law enforcement officials conducted a raid on the Bloomfield, New Jersey office of Antoine's company, ACS. Antoine was arrested during the raid. After the raid, Antoine contacted ACS's property insurer, Valley Forge Insurance Company, and submitted a claim for property damage, alleging that the office sustained damage during and after the raid because authorities left it unsecured for three days afterwards. Valley Forge investigated the matter, but ultimately denied ACS's claim because the damage fell within the policy's "governmental action" exclusion -- i.e., ACS's policy did not cover damage caused directly or indirectly "by order of governmental authority."

Antoine and ACS then filed in New Jersey Superior Court a complaint against Valley Forge, claims adjuster James White, and "CNA Insurance Company," which included 10 counts:

---

[1] To the extent that Antoine also seeks to appeal the District Court's order on behalf of his company, American Corporate Society ("ACS"), he cannot do so because a corporation may appear and be represented in this Court only by a licensed attorney who is also a member of this Court's bar. See Simbraw, Inc. v. United States, 367 F.2d 373, 373-75 (3d Cir. 1966). Accordingly, as to any claims against ACS, the appeal is dismissed.

Count 2[2]:  breach of contract and insurance fraud;

Count 3:  violation of good faith and fair finance dealing;

Count 4:  violation of the New Jersey Consumer Fraud Act and common law fraud;

Count 5:  a claim for recission of contract that was the product of fraud, deception and malice;

Count 6:  negligent hiring of adjuster James White;

Count 7:  malicious prosecution;

Count 8:  personal injuries resulting from the police raid;

Count 9:  discrimination under the New Jersey Law Against Discrimination, Title VII of the Civil Rights Act of 1964, and the Americans with Disabilities Act;

Count 10:  conspiracy; and

Count 11:  "Anti-Trust Law, Broad Defamation."

The defendants removed the action to the District Court based on diversity of citizenship and filed a motion to dismiss.  The District Court granted the motion to dismiss, and Antoine appealed.

II

We have jurisdiction pursuant to 28 U.S.C. § 1291.  We may affirm on any grounds supported by the record, see Hughes v. Long, 242 F.3d 121, 122 n.1 (3d Cir. 2001), and we may summarily affirm if Antoine does not raise a substantial question on

---

[2]  Count 1 of the complaint did not assert a cause of action; rather, it recounted relevant background facts.

3

appeal. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6. We review de novo a district court's decision to dismiss a complaint for failure to state a claim upon which relief may be granted.[3] See Dique v. N.J. State Police, 603 F.3d 181, 188 (3d Cir. 2010). "In deciding a motion to dismiss, all well-pleaded allegations of the complaint must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them." McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009) (internal citation and quotation marks omitted). To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. In addition to the complaint and any exhibits attached thereto, we may also consider "an undisputedly authentic document . . . attache[d] as an exhibit to [the] motion to dismiss if the plaintiff's claims are based on the document," such as ACS's insurance policy. See Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

The District Court first reasoned that Antoine lacked standing to assert, on his own

---

[3] The District Court also reasoned that dismissal as to CNA-Insurance was appropriate because it is a trademark not capable of being sued. Likewise, White was dismissed as a defendant because, in the District Court's view, Antoine did not establish that the District Court could exercise personal jurisdiction over White. We do not address these issues because, as explained below, we agree that Antoine failed to assert any claim for which relief could be granted.

4

behalf, Counts 2, 3, 5, 6, and 9, which all stemmed from his dissatisfaction with Valley Forge's denial of ACS's insurance claim. We agree. Under New Jersey law, which the District Court was required to apply, see Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938), an individual not a party to a contract may not seek enforcement of that contract "unless it is clear that the parties to the contract intended to confer upon him the right to enforce it." First Nat'l State Bank of N.J. v. Carlyle House, Inc., 246 A.2d 22, 34 (N.J. Super. Ct. Ch. Div. 1968). As the District Court noted, the Valley Forge policy applies solely to ACS, and nothing in the policy indicates that the parties intended for Antoine to have a personal right of enforcement. Accordingly, the District Court properly dismissed Counts 2, 3, 5, 6, and 9 as to Antoine.

Count 4 was also properly dismissed. Antoine alleged that Valley Forge's conduct amounted to fraud under the New Jersey Consumer Fraud Act, N.J. Stat. Ann. §§ 56:8-1, et seq., and at common law. To establish a prima facie case under the Consumer Fraud Act, a litigant must show: "1) unlawful conduct by the defendant; 2) an ascertainable loss by plaintiff; and 3) a causal relationship between the unlawful conduct and the ascertainable loss." Bosland v. Warnock Dodge, Inc. 964 A.2d 741, 749 (N.J. 2009). We perceive no error in the District Court's determination that dismissal was appropriate because, at base, Antoine's allegation stemmed from his disagreement with the basis for denying ACS's insurance claim, not allegedly unlawful conduct. Likewise, Antoine's claim of common law fraud failed because he did not identify a material misrepresentation by Valley Forge. See Gennari v. Weichert Co. Realtors, 691 A.2d 350,

5

367 (N.J. 1997). Valley Forge's mere denial of his claim is not evidence of fraudulent misconduct, given the language of the policy exclusion.

The District Court also properly dismissed Antoine's malicious prosecution claim. Antoine alleged that, after denying ACS's claim, Valley Forge initiated unwarranted criminal charges against him. A litigant alleging malicious prosecution, in violation of federal or New Jersey law, must demonstrate, inter alia, criminal proceedings brought by the defendants against the plaintiff that ended in the plaintiff's favor. See Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003) (federal claims); Lind v. Schmid, 337 A.2d 365, 368 (N.J. 1975). Antoine did not allege that any criminal complaint Valley Forge may have filed resulted in criminal charges, or that such charges were resolved in his favor.

As to Count 8, which includes Antoine's claim against Valley Forge for physical and psychological injuries resulting from the police raid, we agree with the District Court that the claim must fail. Antoine did not allege that Valley Forge had any role in the raid; therefore Valley Forge could not be subjected to liability for personal injuries he incurred during the raid.

We turn next to Antoine's Count 11, which alleges "Anti-Trust Law, Broad Defamation." As the District Court noted, despite the reference to "anti-trust law," nothing in Antoine's complaint suggests that Valley Forge violated the Sherman Antitrust Act. Rather, Antoine claimed that Valley Forge defamed him by filing a criminal

complaint against him.[4]  To make out a prima facie case of defamation under New Jersey law, Antoine had to demonstrate, inter alia, that any allegedly false statement by Valley Forge caused him harm.  However, his bare assertion that Valley Forge's alleged statements "have proximately caused great public harms to the plaintiffs [sic] public image, and business strata," Complaint, 11, is insufficient under Iqbal to survive a motion to dismiss.

Finally, we consider Count 10, in which Antoine alleges that Valley Forge entered into a conspiracy against him.  In New Jersey, a civil conspiracy is:

> a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage.

Banco Popular N. Am. v. Gandi, 876 A.2d 253, 263 (N.J. 2005) (internal quotation marks omitted).  "The gist of the claim is not the unlawful agreement, but the underlying wrong which, absent the conspiracy, would give a right of action." Id. (internal quotation marks omitted).  We agree with the District Court that, because Antoine failed to state any other claim for which relief could be granted, he could not prevail on a civil conspiracy claim, and dismissal was appropriate.

Further, we agree with the District Court that it would have been futile for Antoine to amend his complaint.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d

---

[4]  We note that Valley Forge denied filing any complaint -- criminal or civil -- against Antoine or ACS.

Cir. 2002); <u>Cockrell v. Sparks</u>, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant.").  To the extent Antoine's complaint included claims stemming from the police raid and the denial of ACS's insurance claim, granting him leave to amend his complaint would have been futile, as he could have presented no additional facts that would have established a basis on which he could assert a claim for relief.  As to his defamation claim, Antoine failed to allege, in both his complaint and counseled response to the defendants' motion to dismiss, any facts indicating that the defendants made a defamatory statement or that he suffered any harm as a result.

Accordingly, we will summarily affirm.